**CT Corporation**

**Service of Process Transmittal**
12/30/2015
CT Log Number 528400452

| | |
|---|---|
| **TO:** | Holley Franklin<br>Standard Insurance Company<br>1100 SW 6th Ave, P12B<br>Portland, OR 97204-1093 |
| **RE:** | **Process Served in Louisiana** |
| **FOR:** | Standard Insurance Company  (Domestic State: OR) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Dimitre Blutcher, Pltf. vs. Standard Insurance Company, Dft. |
| **DOCUMENT(S) SERVED:** | Letter, Citation, Petition |
| **COURT/AGENCY:** | JEFFERSON; 24TH JUDICIAL DISTRICT COURT, LA<br>Case # 755764 |
| **NATURE OF ACTION:** | Insurance Litigation - Claim for Policy benefits |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Baton Rouge, LA |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 12/30/2015 postmarked on 12/29/2015 |
| **JURISDICTION SERVED :** | Louisiana |
| **APPEARANCE OR ANSWER DUE:** | Within 15 days after service |
| **ATTORNEY(S) / SENDER(S):** | Jennifer N. Willis<br>Willis & Buckley, APC<br>3723 Canal Street<br>New Orleans, LA 70119<br>504-488-6301 |
| **REMARKS:** | Documents were served upon the Louisiana Secretary of State on 12/29/2015 and forwarded to CT Corporation. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/31/2015, Expected Purge Date: 01/05/2016<br><br>Image SOP<br><br>Email Notification,  Darcy Mangold  dmangold@standard.com<br><br>Email Notification,  Shelia Noland  snoland@standard.com<br><br>Email Notification,  Holley Franklin  holley.franklin@standard.com<br><br>Email Notification,  Cheryl Brinster  cheryl.brinster@standard.com<br><br>Email Notification,  Camille Tourje  camille.tourje@standard.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>3867 Plaza Tower Dr.<br>Baton Rouge, LA 70816-4378 |

Page 1 of  2 / PS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.


EXHIBIT

 CT Corporation

**Service of Process Transmittal**
12/30/2015
CT Log Number 528400452

**TO:**   Holley Franklin
Standard Insurance Company
1100 SW 6th Ave, P12B
Portland, OR 97204-1093

**RE:**   **Process Served in Louisiana**

**FOR:**   Standard Insurance Company   (Domestic State: OR)

**TELEPHONE:**   612-333-4315

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



U.S. POSTAGE >> PITNEY BOWES

$ 004.15

ZIP 70802
02 4W
0000333301 DEC. 29. 2015

CERTIFIED MAIL

7015 0640 0001 0062 5335

TOM SCHEDLER
SECRETARY OF STATE
P.O. BOX 94125
BATON ROUGE, LA 70804-9125

SS104 (R 11/10)

# State of Louisiana
# Secretary of State

Legal Services Section
P.O. Box 94125, Baton Rouge, LA 70804-9125
(225) 922-0415

12/29/2015

STANDARD INSURANCE COMPANY
C/O CT CORPORATION SYSTEM
3867 PLAZA TOWER DR
BATON ROUGE, LA 70816

Suit No.: 755764
24TH JUDICIAL DISTRICT COURT
JEFFERSON PARISH

DIMITRE BLUTCHER
vs
STANDARD INSURANCE COMPANY

Dear Sir/Madam:

I am enclosing citation served in regard to the above entitled proceeding. Please call the attorney that filed this document if you have any questions regarding this proceeding. If you received this document in error, please return it to the above address with a letter of explanation.

Yours very truly,

TOM SCHEDLER
Secretary of State

Served on: TOM SCHEDLER
Served by: E CUMMINS

Date: 12/28/2015
Title: DEPUTY SHERIFF

No: 989183



SR

 

(101) Citation: ISSUE CITATION/PETITION FOR BREACH OF CONTRACT, BREACH OF FIDUCIARY DUTY, FOR DAMAGES, AND FOR OTHER RELIEF;                                            151216-0788-9

24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA

DIMITRE BLUTCHER                              Case: 755-764   Div: "B"
        versus                               P 1 DIMITRE BLUTCHER
STANDARD INSURANCE COMPANY

To:  STANDARD INSURANCE COMPANY
THROUGH ITS REGISTERED AGENT FOR SERVICE:    CK # 6435 $ 50.00 S/SERVED ON
THE LOUISIANA SECRETARY OF STATE                                TOM SCHEDLER
8585 ARCHIVES AVENUE                          CK # 6436 $ 29.36 E/B/R
BATON ROUGE, LA 70809                                    DEC 28 2015

PARISH OF JEFFERSON                                       SECRETARY OF STATE
                                                         COMMERCIAL DIVISION

You are hereby summoned to comply with the demand contained in the PETITION FOR BREACH OF CONTRACT, BREACH OF FIDUCIARY DUTY, FOR DAMAGES, AND FOR OTHER RELIEF of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana, within FIFTEEN (15) CALENDAR days after the service hereof, under penalty of default.

This service was requested by attorney JENNIFER WILLIS and was issued by the Clerk of Court on the 16th day of December, 2015.

/s/ Kim B Garland
Kim B Garland, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk of Court

_____ SERVICE INFORMATION _____

(101) Citation: ISSUE CITATION/PETITION FOR BREACH OF CONTRACT, BREACH OF FIDUCIARY DUTY, FOR DAMAGES, AND FOR OTHER RELIEF;                                            151216-0788-9

Received:_____   Served:_____   . Returned:_____

Service was made:
        ___ Personal           ___ Domiciliary _____

Unable to serve:
        ___ Not at this address    ___ Numerous attempts _____ times
        ___ Vacant                 ___ Received too late to serve
        ___ Moved                  ___ No longer works at this address
        ___ No such address        ___ Need apartment / building number
        ___ Other _____

Service: $_____   Mileage: $_____   Total: $_____

Completed by:_____ # _____
                        Deputy Sheriff
Parish of: _____

Page 1 of 1



TWENTY-FOURTH JUDICIAL DISTRICT COURT
FOR THE PARISH OF JEFFERSON
STATE OF LOUISIANA

NO.: 755-704                                    DIVISION B

DIMITRE BLUTCHER

VERSUS

STANDARD INSURANCE COMPANY

FILED: _____

_____
DEPUTY CLERK

## PETITION FOR BREACH OF CONTRACT, BREACH OF FIDUCIARY DUTY, FOR DAMAGES, AND FOR OTHER RELIEF

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Dimitre Blutcher, who files this Petition for Breach of Contract, Breach of Fiduciary Duty, For Damages, and for Other Relief against Standard Insurance Company, and alleges upon information and belief as follows:

1.

Plaintiff, Dimitri Blutcher (hereinafter "Plaintiff"), is a person of the full age of majority and resident of the State of Louisiana, Parish of Jefferson.

2.

The following party is made Defendant:

a.     Standard Insurance Company, a foreign insurer admitted to do and doing business in the State of Louisiana.

3.

Venue is proper under Louisiana Revised Statute 22:1821(A).

4.

In November of 2008, Plaintiff met with Roy J. Cyprian, Jr. about obtaining a disability insurance policy. She applied for a Disability Income Insurance Policy (the "Policy") from Standard Insurance Company (hereinafter "Standard").

5.

During the information gathering process, Mr. Cyprian asked Plaintiff specific application questions to which she responded accurately and truthfully. Mr. Cyprian then informed Plaintiff that he would fully execute the application based on her responses. Plaintiff therefore signed the application.



12/16/2015 14:58:01 CERTIFIED TRUE COPY - Pg:1 of 7 - Jefferson Parish Clerk of Court - /s/Kim B Garland

6.

As "Soliciting Producer," Mr. Cyprian submitted Plaintiff's application to Standard.

7.

Also during the application process, PortaMedic, on behalf of Standard, conducted an examination of Plaintiff which included taking her height and weight measurements and blood pressure. PortaMedic also obtained Plaintiff's complete medical history and a list of her medications.

8.

Plaintiff signed her Disability Insurance Policy Acceptance and Application Supplement CR on January 14, 2009. Plaintiff's effective date was November 7, 2008.

9.

Plaintiff was diagnosed with diabetes in 2009. As a symptom of diabetes, Plaintiff experienced neuropathy. Thereafter, in 2010, Plaintiff began experiencing confusion, memory loss and debilitating headaches. By January of 2011, Plaintiff was totally disabled, having been diagnosed with a severe, painful illness that significantly impacted her cognitive function. She has been unemployable since January of 2011.

10.

Plaintiff contacted Standard in late January or early February of 2011 to give notice of her disabled state. Standard informed Plaintiff that she could not file her claim because she had not been out of work for ninety (90) days.

11.

Once the ninety (90) day waiting period passed, Plaintiff contacted Standard in June of 2011. At that time, Standard advised Plaintiff to continue paying her premium for ninety (90) more days, which would have been the first week of October.

12.

After a bout with illness, Plaintiff contacted Standard regarding her benefits claim. Although Plaintiff paid the Policy premium through October of 2011 as directed by Standard, she was informed her that her policy had lapsed and was cancelled for nonpayment. This was not true.

2


12/16/2015 14:58:01CERTIFIED TRUE COPY - Pg:2 of 7 - Jefferson Parish Clerk of Court - /s/Kim B Garland

JON A. GEGENHEIMER

24th E-Filed: 11/24/2015 16:29:13 Case: 755764 Div:B Atty:014877 JENNIFER WILLIS

CODED

13.

In May of 2014, Plaintiff filed a grievance with Standard regarding the cancellation of her disability policy.

14.

Standard thereafter denied Plaintiff's claim in November of 2014 for alleged material misrepresentations in the Application and Policy Acceptance. Standard also rescinded the Policy and returned Plaintiff's premium payments.

15.

On April 20, 2015, Plaintiff submitted her Standard Disability Income Insurance Denial Request for Review. On July 28, 2015, Standard upheld its previous denial and policy rescission on the same grounds: material misrepresentation in the Application and Policy Acceptance.

16.

Standard failed to follow its own required policies during the application and claims review processes. Plaintiff has satisfied all conditions for eligibility of disability benefits under the Policy and has not waived or otherwise relinquished her entitlement to benefits and to date no benefits relating to her disability have been paid.

17.

Standard denied Plaintiff's claim for benefits arbitrarily, capriciously and without probable cause.

18.

Standard's denial of benefits to Plaintiff was done in bad faith and constitutes a breach of the Policy, which is a contract between Plaintiff and Standard. Such breach falls under Louisiana Revised Statute 22:1821 and entitles Plaintiff to a penalty of double the amount of benefits due under the terms of the policy during the period of delay, together with attorney fees to be determined by the court.

19.

Standard falsely represented that it was relying on thorough, fair and legitimate reviews even though the reviews were misleading, one-sided, conducted by unqualified personnel, and intentionally disregarded substantial medical and other overwhelming

3


12/16/2015 14:58:01 CERTIFIED TRUE COPY - Pg:3 of 7 - Jefferson Parish Clerk of Court - /s/Kim B Garland

CODED

24th E-Filed: 11/24/2015 16:29:13 Case: 755764 Div:B Atty:014877 JENNIFER WILLIS

evidence that compelled the conclusion that Plaintiff was entitled to disability benefits. Thus, Standard's handling and denials of Plaintiff's disability claim were fraudulent.

20.

Standard owes a fiduciary duty to Plaintiff. Standard breached its fiduciary duty and obligations by interfering with Plaintiff's right to receive disability benefits under the Policy. Those breaches include, but are not limited to:

a. Standard failed to make and authorize benefit payments to Plaintiff at a time when Standard knew that she was entitled to benefits under the terms of the Policy;

b. Standard unreasonably and/or arbitrarily withheld disability payments from Plaintiff in bad faith, knowing her claim for benefits under the Policy to be valid;

c. Standard unreasonably, arbitrarily and in bad faith failed to pay Plaintiff's benefits without considering all of the supporting information and data available and bearing upon the claim;

d. Standard knowingly and intentionally misrepresented to Plaintiff the pertinent provisions relating to the Policy and benefits at issue, and thereby wrongfully denied her benefits;

e. Standard knowingly and intentionally failed and refused to abide by
the terms of the Policy, relying upon standards, criteria and definitions drawn from outside of the Policy, which standards, criteria and definitions are not incorporated into the Policy; and

f. Standard denied Plaintiff's claim for benefits on a basis known by Standard to be a pretext and unrelated to its actual basis for denying the claim.

21.

The Policy's definition of "disability" violates Louisiana Revised Statute 22:990 because it is too restrictive.

22.

As a direct result of Standard's bad faith and numerous breaches, Plaintiff suffered severe and irrevocable financial consequences.

4



24th E-Filed: 11/24/2015 16:25:13 Cases: 756764 Div:B Atty:014877 JENNIFER WILLIS

23.

As a direct result of Standard's bad faith and numerous breaches, Plaintiff suffered severe mental distress.

24.

Because of Standard's bad faith and wrongful conduct, Plaintiff is entitled to payment of benefits, penalties double the amount of the benefits due under the terms of the policy during the period of delay penalties, attorney fees, damages as set forth above, and all other relief to which she may be entitled under law or equity.

WHEREFORE, Plaintiff, Dimitre Blutcher, prays that after due proceedings be had that there be judgment in her favor and against Defendant, Standard Insurance Company, in an amount sufficient to compensate her for payment of benefits, penalties, attorney fees, damages as set forth above, and for all other relief to which she may be entitled under law or equity.  Plaintiff further prays for interest from the date of judicial demand.

Respectfully submitted,

JENNIFER N. WILLIS (#14879)
JENNIFER S. MARTINEZ (#29624)
WILLIS & BUCKLEY, APC
3723 Canal Street
New Orleans, Louisiana 70119
Telephone: (504) 488-6301
Facsimile: (504) 488-6302
*Attorneys for Plaintiff, Dimitre Blutcher*

PLEASE SERVE:

Standard Insurance Company
Through its registered agent for service:
The Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809

CK# 6435
$ 5000
SOS
CK# 6436
$ 29.36
EBR

5.

