# Disability Income Insurance Policy

## For Dimitre Blutcher

Standard Insurance Company





EXHIBIT

2-A

Standard Insurance Company

INSURED:        DIMITRE BLUTCHER
POLICY NUMBER:   00C9726410



### DISABILITY INCOME INSURANCE POLICY

We, Standard Insurance Company, a stock life insurance company, agree with the Owner to pay the benefits of this policy according to its provisions.

This is a Disability Income Insurance Policy.   We issued this policy to the Owner in consideration of: (1) The statements made in the application; and (2) Payment of the premium. A copy of the application is attached to and made part of the policy.

GUARANTEED RENEWABLE to the Termination Date, shown on the data page.  As long as the premium is paid by the end of each grace period, We cannot change any part of the policy, except its premium, until the Termination Date.  Before that date We can change the premium only:  (1) After the policy is three years old; and (2) If the change applies to all policies with like benefits insuring the same Risk Class.  The policy will end on the Termination Date, except as provided by the Renewal Option After The Termination Date provision.  See that provision for premium changes that apply if the policy is continued under the Renewal Option.

RENEWAL OPTION AFTER THE TERMINATION DATE:   SUBJECT TO CHANGE IN PREMIUM RATES.   You may ask Us to continue this policy beyond the Termination Date, subject to the terms of the Renewal Option After The Termination Date provision.

For purposes of effective and ending dates under the policy, all days begin and end at 12:00 midnight Standard Time at the Owner's address.

RIGHT TO RETURN POLICY.   If not satisfied with this policy, the Owner may return it for cancellation within 20 days after receipt by the Owner.  The policy must be returned to the sales representative who sold it or to Our home office.  The policy will then be void from the beginning, and any premium paid for it will be refunded to the Owner.

**READ THIS POLICY CAREFULLY.**  It is a legal contract between the Owner and Standard Insurance Company.

Signed at Our Home Office
1100 S.W. Sixth Avenue  Portland, Oregon  97204
(800) 247-6888

STANDARD INSURANCE COMPANY

By

J. Greg Ness
President

Holley Y. Franklin
Corporate Secretary

B152(5/05)LA

# INDEX

Assignment ................................................................. 17

Benefits

    Total Disability ................................................. 6

    Presumptive Total Disability ..................................... 6

    Rehabilitation Benefit ........................................... 8

    Survivor Benefit ................................................. 7

Claims

    Written Notice of Claim .......................................... 10

    Claim Forms ..................................................... 11

    Written Proof of Loss ............................................ 11

    Time of Payment ................................................. 12

    Payment of Claims .............................................. 12

Concurrent Disability ..................................................... 9

Definitions ................................................................ 4

Exclusions From Coverage ............................................... 8

General Provisions ...................................................... 16

Grace Period ............................................................ 13

Owner .................................................................... 17

Policy Data .............................................................. 3

Policy Termination ...................................................... 14

Pre-existing Conditions ................................................. 9

Premiums

    Schedule of ..................................................... 3

    In General ...................................................... 13

Premium Waiver ......................................................... 7

Reinstatement ........................................................... 13

Renewal Option .......................................................... 14

Time Limit On Certain Defenses .......................................... 10

# POLICY DATA

**Insured** DIMITRE BLUTCHER
**Effective Date** November 7, 2008
**Owner At Issue** DIMITRE BLUTCHER
**Termination Date** NOVEMBER 7, 2022
**Waiting Period** 90 Days

00C9726410 **Policy No.**
52 **Issue Age**
NON-SMOKER **Risk Class**
5A **OCC Class**
Female **Sex**

## PREMIUM SUMMARY

|  | Annual Premium |
|---|---|
| **Base Policy** | $709.60 |
| **Riders** | $184.19 |
| **Net Annual Premium:** | $893.79* |

**Mode of Premium Payment:** Special Monthly   **Amount:** $78.20

There are four premium modes available. The total amount due over a policy year varies by the mode selected. The mode you chose is noted above. The total due over the policy year for this mode and the difference between that total and the net annual premium payment are noted below:

| | |
|---|---|
| Total of Special Monthly Premium Payments: | $938.40 |
| Difference between net annual premium and total Special Monthly payments: | $44.61 |

\* The Net Annual Premium shown above includes a $40 policy fee.

## BASIC POLICY BENEFITS (To Age 66)

**Commencement Date**     91st Day of Disability

**Basic Monthly Benefit**     $2,000.00

**Maximum Benefit Period:**     To November 7, 2022, or 24 months, whichever is longer.

B152

**POLICY DATA**
**(CONTINUED)**

**Insured**   DIMITRE BLUTCHER                          00C9726410   **Policy Number**

**ADDITIONAL BENEFITS**

| Rider | Amount Of Benefits | Annual Premium Prior to Age 67 |
|---|---|---|
| **Residual Disability Rider** | | $96.82 |
| **Indexed Cost of Living Rider** | | $87.37 |
| **Total Premium for Riders** | | $184.19 |

If this policy was issued with an increased premium, exclusion or other modification, Standard may be contacted if there are any changes to the Insured's health, occupation, avocation or other risk factor that might allow coverage to be continued without the modification. We will review the information You provide plus any other information available to Us regarding all risk factors associated with the Insured as of the time of Our review. Using Our underwriting guidelines then in effect, We reserve the right to offer any change that We think is most appropriate, as well as the right to decline to make any change, regardless of whether the change in risk factor(s) is directly related to the reason for the policy modification.

B152

Page 3A

**SIGN & RETURN**

**Standard Insurance Company**
Individual Disability Insurance
1100 SW Sixth Avenue, Portland, OR 97204-1093

**Disability Insurance Policy Acceptance and Application Supplement CR**

---

**A. GENERAL INFORMATION:**   All premium checks must be made payable to:  Standard Insurance Company. Do not make check payable to the producer; do not leave the payee blank.

All references to "Standard" mean "Standard Insurance Company."  All references to "the policy" mean the policy with the Policy Number shown below.

This form is part of the application for insurance on:

**Proposed Insured:** DIMITRE BLUTCHER                          **Policy Number:** 00C9726410

**B. POLICY EFFECTIVE DATE:** I elect a Policy Effective Date as provided for below.  I understand that premiums will be charged for coverage under the policy from the Policy Effective Date elected.

1. I elect a Policy Effective Date of _11_ / _7_ / _08_ (mm/dd/yy).  (May not be a date before the date of my application for the policy, November 7, 2008, or after the date the owner signs this form); OR

2. If a Policy Effective Date is not elected in item 1, above, or if the date elected is outside the time period described in item 1, I understand and agree the Policy Effective Date elected will be the date of the Conditional Receipt, November 7, 2008.

In either 1 or 2, above, if the Policy Effective Date falls on the 29th, 30th or 31st of the month, I understand and agree that the Policy Effective Date will be changed to the 1st of the following month.

**If the Policy Effective Date elected above is any date after November 7, 2008, the proposed insured must complete the Required Questions in C, below.  If the Policy Effective Date elected above is the same as November 7, 2008, skip section C and proceed to section D on the next page.**

**C. REQUIRED QUESTIONS:** Since the date of the application for the policy, has the proposed insured:

|  | | Yes | No |
|---|---|---|---|
| 1. | Consulted with or been treated or examined by any physician or chiropractor; or other medical practitioner; or counselor, psychiatrist or therapist? | _____ | X |
| 2. | Had any illness, injury or change in health? | _____ | X |
| 3. | Become aware of any current physical or mental condition or symptom that has not previously been diagnosed, treated, or disclosed to Standard? | _____ | X |
| 4. | Changed occupation or employer; or had a material change in job duties? | _____ | X |
| 5. | Applied for any other disability or life insurance policy; or had any such policy rated up, modified or declined? | _____ | X |

**REMARKS:** Explain any YES answer below.  Give details of any medical consultations where applicable.  Include the following: practitioner's name and address; date, reason, and diagnosis; and severity, treatment and results.

_____

_____

_____

_____

**IMPORTANT:**   If any of the above Required Questions is answered "yes," or left blank:  The policy is NOT IN FORCE; and there is no coverage under it.  The policy, and this completed and signed form, must be returned immediately to Standard.  The only exception is the soliciting producer's signed statement, as follows:

I have discussed the "yes" answer(s) above with a Standard home office underwriter.  He/she has approved the policy for delivery as issued.   **RECEIVED AM**

_____        _____   _____
Signature of Soliciting Producer                Date         Auth. Code

**JAN 2 1 2009**

**IND POLICY ADMIN**

01/06/2009 08:18:39 AM

Standard Insurance Company

Disability Insurance Policy Acceptance and
Application Supplement CR

Proposed Insured:  DIMITRE BLUTCHER                    Policy Number: 00C9726410

**D. POLICY CHANGES:**  I accept, ratify and acknowledge the changes made by Standard to my application, including: any benefit, endorsement or agreement added to or deleted from the policy. These changes are shown below:

Q20=No.  Q21=Yes.  Q22=No.  Q23=No.  Q24=B.S. in nursing.  Q34=Previous life insurance exam in 2002; previous disability insurance exam in 1995.

**E. I REPRESENT THAT:** All answers to the REQUIRED QUESTIONS on this Application Supplement are correctly recorded, complete and true.

I FURTHER REPRESENT that I have read all of the questions, and the answers recorded in response to those questions, in the application attached to the policy; and I CONFIRM that the answers provided by the proposed insured to the questions in the application were complete, true and accurate at the time of the application.

Note: If any answers on the application were not accurate, complete or true: Do not sign this form and do not accept delivery of the policy. Instead, inform sales producer. (Producer, contact the Underwriter in this event.)

I AGREE THAT: This Application Supplement shall become part of any contract of insurance based on such application.

I UNDERSTAND AND AGREE THAT: There can be no coverage under the policy prior to the Policy Effective Date. If the Effective Date elected on Page 1 of this Application Supplement is after the date of the Conditional Receipt, I waive coverage for any disability incurred after the date of the Conditional Receipt and before the Policy Effective Date elected, and there is no coverage under the policy unless this Application Supplement is signed by the proposed insured, and the owner if different, and the required premium is paid.

PROVIDED all REQUIRED QUESTIONS on this form are answered NO (unless otherwise authorized by the underwriter as noted on the previous page): I ACCEPT and acknowledge receipt of the policy offered by Standard, including any policy changes made by Standard shown on this form. I signed this form in the city and state and on the date shown below.

| | Signed at | | | on | |
|---|---|---|---|---|---|
| Signature of Proposed Insured | | City | State | | Date |
| | Signed at | | | on | |
| Signature of Policyowner (If other than Proposed Insured) | | City | State | | Date |

If a company is policyowner, signature of authorized representative.

Print Name of Policyowner (If other than Proposed Insured)
If a company is policyowner, also print title of authorized representative and company name.

I declare and affirm that: No changes, additions or alterations of any kind have been made to this form after it was signed by the proposed insured and owner if different. If this form has been sent to Standard electronically, the copy of this form sent to Standard is a true and exact copy of the original.

| | Signed at | | | on | |
|---|---|---|---|---|---|
| Signature of Soliciting Producer | | City | State | | Date |

Note: Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or knowingly presents false information in an application for insurance is guilty of a crime and may be subject to fines and confinement in prison.

Roy J. Cyprenski.          Harvey, LA  1-14-09
Soliciting Producer

01/06/2009 08:18:39 AM

1 COPY: HOME OFFICE          1 COPY: OWNER.          1 COPY: FILE.

DPACCR(2/08)LA          Page 2 of 2 -- Producer sign after proposed insured/owner.

## DEFINITIONS

**BASIC MONTHLY BENEFIT** – The amount of monthly benefit as shown on the data page issued with the policy, or as later changed by endorsement or by a new data page made part of this policy.

**COMMENCEMENT DATE** – The first day immediately following the completion of the Waiting Period. The following applies to a Presumptive Total Disability: (1) The Waiting Period is waived; and (2) The Commencement Date will be the first day of the total and permanent loss.

**CONCURRENT DISABILITY** – A Disability caused by more than one Injury or Sickness, or from a combination of these.

**CONTINUOUS DISABILITY / CONTINUOUSLY DISABLED** – Recurrent periods of Disability from the same cause or causes are one period of Continuous Disability if separated by Your Recovery of less than 12 full months. However, no Disability Benefits are due or payable during any period of Recovery.

**DISABILITY / DISABLED** – This means the same as Total Disability/Totally Disabled, defined below.

**DISABILITY BENEFIT / DISABILITY BENEFITS** – Any payment or payments for Disability that are made under this policy.

**EFFECTIVE DATE** – The date on which this policy becomes effective. This date is shown on the data page.

**FAMILY MEMBER** – Your spouse, parent, son, daughter, brother or sister.

**INJURY** – Accidental bodily injury sustained by You:

    1. After the Effective Date; and
    2. While this policy is in force.

**INSURED** – The insured under this policy, as shown on the data page.

**ISSUE AGE** – The age of the Insured on the Effective Date. The Issue Age is shown on the data page.

**LOSS** – This means the same as Disability, defined above.

**MAXIMUM BENEFIT PERIOD** – The maximum period of time We will pay Disability Benefits during and for any one Continuous Disability. This period:

    1. Is shown on the data page; and
    2. Begins on the Commencement Date.

If the policy is continued beyond the Termination Date under the Renewal Option, payment of Disability Benefits may be limited to a maximum of 12 months for any one Continuous Disability.

IDI 16-03068-000008

**OWNER** – The owner of this policy, as shown on the data page, unless later changed as allowed under the GENERAL PROVISIONS section.

**PHYSICIAN** – Any licensed medical professional, other than You, the Owner, or a Family Member. The Physician must be practicing and diagnosing within the scope of his or her medical or professional license.

**POLICY ANNIVERSARY** – The anniversary of the policy's Effective Date occurring each year the policy remains in force.

**POLICY MONTH** – A month measured from the same date in a month as the policy's Effective Date.

**PRESUMPTIVE TOTAL DISABILITY** – Your total and permanent loss, because of Your Injury or Sickness, of one of the following:

1. Speech;
2. Hearing in both ears, not restorable by hearing aids;
3. Sight in both eyes (see below);
4. Use of both hands;
5. Use of both feet; or
6. Use of one hand and one foot.

Total and permanent loss of sight in both eyes means: Both eyes must measure at or below 20/200, after reasonable efforts are made to correct their vision, using the most advanced medically acceptable procedures and devices available.

You will be considered as Totally Disabled if You become Presumptively Totally Disabled under the policy terms. See the Benefit for Presumptive Total Disability provision.

**RECOVER / RECOVERY / RECOVERED** – This means You are no longer Disabled from the same cause or causes that caused Your most recent Disability.

**REGULAR OCCUPATION** – Your occupation at the time Disability begins. If You have limited Your practice to a professionally recognized specialty in medicine or law, the specialty will be deemed to be Your Regular Occupation. If You are retired at the time Disability begins, being retired will be deemed to be Your Regular Occupation.

**REHABILITATION PROGRAM / PROGRAM** – A voluntary plan, program or course of vocational training or education, that is intended to prepare You to return to work. A Rehabilitation Program may include assistance for such items or services as: vocational and employment assessment; purchasing adaptive equipment; educational expenses; and evaluation of necessary work site modifications.

**REINSTATEMENT DATE** – The date the policy is made effective when reinstated.

**RISK CLASS** – The Risk Class for this policy, as shown on the data page. It also includes the occupation class and sex shown on the data page.

**SICKNESS** – Your Sickness or disease which first manifests itself:

1. After the Effective Date; and
2. While this policy is in force.

**TERMINATION DATE** – The policy ends on this date, unless it ended earlier as outlined under the Policy Termination provision. This date is shown on the data page.

**TOTAL DISABILITY / TOTALLY DISABLED** – Because of Your Injury or Sickness:

1. You are unable to perform the substantial and material duties of Your Regular Occupation; and
2. You are not engaged in any other gainful occupation; and
3. You are under the regular care of a Physician appropriate for Your Injury or Sickness. This Physician's care requirement will be waived when We receive written proof, satisfactory to Us, that further care would be of no benefit to You.

**WAITING PERIOD** – That period, measured from the first day of Your Disability, throughout which You must be Disabled before Disability Benefits become payable. The Waiting Period is shown on the data page. More information on the Waiting Period is provided under EXCLUSIONS AND LIMITATIONS.

**WE / US / OUR** – Standard Insurance Company.

**YOU / YOUR** – The Insured under this policy.

## BENEFITS

**BENEFIT FOR TOTAL DISABILITY** – You will be eligible for the benefit for Total Disability during Your Continuous Total Disability. We will pay the Basic Monthly Benefit.

The benefit for Total Disability will begin on the Commencement Date. This benefit will continue while You remain Totally Disabled, but it will not be paid beyond the Maximum Benefit Period. For periods of less than a month We will pay a pro rata portion of this benefit for each day of Total Disability.

**BENEFIT FOR PRESUMPTIVE TOTAL DISABILITY** – We will pay the benefit for Total Disability during Your Presumptive Total Disability. However, We will not pay it beyond the Maximum Benefit Period. The Commencement Date for any Presumptive Total Disability is the first day of that Presumptive Total Disability.

IDI 16-03068-000010

**DISABILITY DUE TO COSMETIC OR TRANSPLANT SURGERY –** We will consider You as Disabled due to Sickness if, more than six months after the Effective Date, You become Disabled from surgery to:

1. Improve Your appearance;
2. Prevent Your disfigurement; or
3. Transplant part of Your body to someone else.

**PREMIUM WAIVER BENEFIT –** We will waive all premiums due under this policy while benefits are payable.  If the Waiting Period is greater than 90 days, We will waive all premiums due and payable after the 90th day of Continuous Disability, up to the Commencement Date, as long as You remain Continuously Disabled.  On and after the Commencement Date, policy benefits must be payable for premiums to be waived.  After completion of the Waiting Period, We will refund to the Owner any premium due and paid after the date Your Disability began.

**SURVIVOR BENEFIT –** If You die while the benefit for Total Disability is being paid under this policy, We will pay a benefit to the Owner or the Owner's estate.  In this event, We will pay the Basic Monthly Benefit for the lesser of:

1. Three months beyond the month of Your death; or
2. The number of months remaining in the Maximum Benefit Period as of the date of Your death.

This policy, and any Disability Benefits being paid under it, end at Your death.  (See Policy Termination.)

While this policy is in force, the Owner may:

1. Name a payee; or
2. Change a previously named payee;

to receive this survivor benefit.

We will pay the named payee, if living, instead of the Owner or Owner's estate.  The designation or change:

1. Must be made on a form satisfactory to Us; and
2. Is subject to Our approval.

Once approved, the designation or change will take effect as of the date the Owner signed the request.  If the payee is not living at Your death, We will pay this benefit to the Owner or the Owner's estate.

**REHABILITATION BENEFIT** – While Disability Benefits are being paid, either You or We may propose a Rehabilitation Program. If the Program is approved by Us and accepted by You, We will pay a Rehabilitation Benefit. This benefit will pay:

1. The reasonable costs of a Rehabilitation Program not otherwise covered by any other plan, policy or program; and
2. The difference, if any, between:
   a. The benefit You would be eligible for if You were Totally Disabled; and
   b. The Disability Benefit for which You are eligible;

for up to 36 months according to the terms of the Program. In no case will We pay any Rehabilitation Benefit beyond the end of the Maximum Benefit Period. Payment of this benefit will be in addition to any other payment that may be due under the policy.

We will provide the terms, conditions and objectives of the Program to You in writing after it has been approved by Us, in our sole discretion. The Program must be accepted by You in writing before We pay any Rehabilitation Benefit. We will periodically review the Program and Your progress. We will continue to pay the Rehabilitation Benefit as long as We determine that the Program is meeting the mutually agreed upon objectives.

If You leave the Program We will continue paying Disability Benefits for up to the number of months remaining in Your Maximum Benefit Period, if any, as long as You remain otherwise eligible under the policy. The Program and the Rehabilitation Benefit are voluntary. This policy does not require You to apply for or join any Program.

## EXCLUSIONS AND LIMITATIONS

**EXCLUSIONS FROM COVERAGE** – We will not pay benefits for:

1. Disability due to war. War means any:
   a. War, declared or undeclared, whether civil or international;
   b. Act of war;
   c. Act incident to war;
   d. Insurrection; and
   e. Substantial armed conflict with organized forces of a military nature.
2. The first 90 days of Your Disability due to pregnancy or childbirth.
3. Disability caused or contributed to by Your:
   a. Committing or attempting to commit an assault or felony; or
   b. Actively participating in a violent disorder or riot. "Actively participating" does not include Your being at the scene of a violent disorder or riot while performing Your official duties.

IDI 16-03068-000012

4. Disability while You are confined for any reason to a penal or correctional institution.
5. Intentionally self-inflicted injury.

**WAITING PERIOD LIMITATION** – No Disability Benefits are payable during the Waiting Period. Disability Benefits start after the Waiting Period ends, on the Commencement Date, if You are Disabled on that date. The Waiting Period is shown on the data page.

Regardless of the number or length of any periods of Recovery that may occur during Your Disability, for any Disability Benefit to become payable, the Waiting Period must be satisfied within the total number of consecutive days which equals:

1. For Waiting Periods of 180 days or less:  Two times the Waiting Period shown on the data page; or
2. For Waiting Periods longer than 180 days:  One and one-half times the Waiting Period shown on the data page.

This limitation does not apply to the benefit for Presumptive Total Disability.

**CONCURRENT DISABILITY** – We will pay benefits for a Concurrent Disability as if there were only one Injury or Sickness.  In no event will You be considered to have more than one Disability at the same time.  Once a continuous period of Disability starts, it will be one period of Continuous Disability no matter what Injuries or Sicknesses, or how many, caused the Disability or cause it to continue.

**PRE-EXISTING CONDITIONS** – For Disabilities caused or contributed to by a Pre-existing Condition, We will pay benefits only if:

1. The Pre-existing Condition is fully disclosed on the policy's application; and
2. The Pre-existing Condition is not specifically excluded.

A Pre-existing Condition is any mental or physical condition for which:

1. You have consulted a Physician;
2. You have received medical treatment or services or undergone diagnostic procedures, including those that are self-administered or self-prescribed;
3. You have taken prescription drugs or medications; or
4. A reasonably prudent person would have sought medical advice, care or treatment;

during the 365 day period ending the day before this policy's Effective Date.

IDI 16-03068-000013

**TIME LIMIT ON CERTAIN DEFENSES** – After three years from the later of:

1. This policy's Effective Date; or
2. Its most recent Reinstatement Date;

no misstatements, except fraudulent misstatements, made by You or the Owner, in the application for the policy or for reinstatement, shall be used to:

1. Rescind the policy; or
2. Deny a claim;

for Disability starting after the end of such three year period.

For Disability starting after three years from the later of:

1. The policy's Effective Date; or
2. Its most recent Reinstatement Date;

no claim will be reduced or denied because a disease or physical condition existed before such date, unless:  (1) It is specifically excluded; or (2) There was a fraudulent misstatement in the application for the policy or for reinstatement.

**CLAIMS**

**TIME OF LOSS** – We will pay benefits under this policy only for a Loss which occurs while this policy is in force.  Termination of the policy will not affect any claim for Disability, provided that:

1. Your Disability begins within 30 days after the date of the Injury or Sickness causing Your Disability; and
2. Your Injury or Sickness occurs while this policy is in force.  (See Policy Termination.)

**WRITTEN NOTICE OF CLAIM** – We must be given written notice of claim by You or the Owner:

1. Within 30 days after a Loss starts; or
2. As soon as is reasonably possible.

Written notice must be given:

1. To Us at Our home office; or
2. To any of Our authorized sales representatives.

Written notice must include Your name and the policy number.

**CLAIM FORMS** – We will send the Owner a claim statement within 15 days after We receive written notice of claim. If You do not receive Our forms within 15 days after You ask for them, You may submit Your claim in a letter sent to Us at Our home office. The letter should include: (1) The date the Disability began; and (2) The cause and nature of the Disability.

**WRITTEN PROOF OF LOSS** – We must receive written proof of Loss within 90 days after the end of any period for which Disability Benefits are being claimed. If that is not reasonably possible, the claim will not be affected, provided written proof is furnished as soon as is reasonably possible. However, unless You lack legal capacity, We must be given written proof within one year after the 90th day referred to above, for that claim to be valid.

Each of the following elements of proof of Loss must be provided to Us at Your expense. We will not pay any Disability Benefits until We receive satisfactory written proof of all of the following:

1. You became Disabled while You were insured under this policy and while it was in force;
2. Your Disability was a Continuous Disability through the Waiting Period and the Commencement Date; and
3. You are under the regular care of a Physician appropriate for Your Injury or Sickness.

You must also submit all of the following documents at Your expense:

1. A completed claim statement signed by You.
2. A completed claim statement signed by Your Physician.
3. A written authorization for Us to obtain records and information needed to determine Your eligibility for Disability Benefits. This must be:
   a. On a form satisfactory to Us; and
   b. Signed by You.
4. Such other documents and information as We may reasonably require in connection with Your claim.

In any event if any required documentation is not provided within 45 days after We send Our request for such documentation, Your claim may be denied.

Once Your claim is approved, no Disability Benefits will be continued beyond the end of the period for which You have provided Us with satisfactory written proof of Loss.

We will require You to submit additional documentation of Your claim at Your expense at reasonable intervals while You are receiving Disability Benefits.

**PROOF OF INCOME** – We can require any proof We consider necessary to establish Your current and prior incomes. We have the right to examine Your financial records, including Your tax returns, as often as We may reasonably require. These financial records may cover any period for which You claim to be Disabled.

**INVESTIGATION OF YOUR CLAIM** – We may conduct an investigation of Your claim at any time. We will not pay any Disability Benefits until: (1) We have had a reasonable time to conduct any investigation of Your claim; and (2) We have determined that Disability Benefits are payable.

**MEDICAL EXAM** – We can have Physicians or specialists examine You, at Our expense, as often as reasonably necessary while You claim to be Disabled. Any such examination will be conducted by one or more Physicians or specialists We choose.

We may defer or suspend payment of benefits if: (1) You fail to attend an examination; or (2) You fail to cooperate with the person conducting the examination. Benefits may be resumed, provided that the required examination occurs within a reasonable time and benefits are otherwise payable.

**TIME OF PAYMENT** – After We receive satisfactory written proof of Loss and all other conditions are met, We will pay benefits under this policy. Any accrued benefits will be paid immediately. Any benefits due thereafter will be paid monthly. Payment will be subject to our receipt of continued written proof of Loss.

**PAYMENT OF CLAIMS** – We will pay all benefits to the Owner or the Owner's estate, unless the Owner names a payee to receive such benefits. Designation of a payee, or change of a previously named payee, must be in writing and signed by the Owner. At the Owner's request We will provide a form for naming or changing a payee.

We can pay total benefits of up to $1,000 to any relative of the Owner We believe is entitled to them, if:

1.  Any benefit is payable to the Owner's estate; or
2.  The Owner or any payee lacks legal capacity to give a valid release.

We will not be liable to anyone to the extent We make payment in good faith.

**OVERPAYMENT OF BENEFITS** – We have the right to be reimbursed for any overpayment of benefits under this policy. We will notify the Owner promptly upon the discovery of any overpayment. After such notice, any and all overpayments that have not been reimbursed will become a debt due and payable to Us. We will offset the unreimbursed portion of any overpayments against any benefit payments due under the policy, regardless of the payee, until all overpayment amounts are repaid in full.

**REVIEW PROCEDURE** – If We deny all or part of Your claim, You may request a review. You must make the request within 180 days after receiving notice of the denial. Your request must be in writing.

If We deny Your claim:

1.  You may send Us written comments or other items to support Your claim; and
2.  You may review any non-privileged information that relates to Your request for review.

IDI 16-03068-000016

We will review Your claim promptly after We receive Your request. We will send You a notice of Our decision within 60 days after We receive Your request. If special circumstances require an extension We will send it to You within 120 days. We will state the reasons for Our decision; and We will refer You to the relevant parts of the policy.

## PREMIUMS, REINSTATEMENT, AND POLICY TERMINATION

**PREMIUMS** – The premium is the amount We charge at regular intervals to keep this policy in force. The premium is shown on the data page. Before the Termination Date We can change the premium only: (1) After this policy is three years old; and (2) If the change applies to all policies with like benefits insuring the same Risk Class. We will not increase the premium more often than once during any six-month period. We will notify the Owner of a premium increase in writing at least 45 days prior to the effective date of the increase. Premiums are payable at Our home office. The first premium is due on the Effective Date. If the first premium is not paid, the policy is never in force.

Premiums may be paid on an annual, semi-annual or quarterly basis. Also, the Owner may request a special monthly premium mode, subject to Our rules and approval. We may terminate this special mode at any time by writing to the Owner.

The Owner may request a change of premium mode by writing to Us. The change is subject to Our rules and approval. No change of premium mode will be allowed while You are Disabled.

**GRACE PERIOD** – A 31-day grace period to pay premiums follows the due date of each premium except the first. The policy will continue in force during the grace period. If a premium is not paid by the end of its grace period, the policy will terminate. If You become Disabled during the grace period, We will deduct any due and unpaid premiums from any benefits paid.

**REINSTATEMENT** – If this policy ends because a premium is not paid by the end of the grace period, the Owner may request that it be reinstated. The request must be made any time within six months after termination.

If Our requirements for reinstatement are met, the policy will be reinstated as follows:

1. If We receive the required premium and do not require a reinstatement application: Our acceptance of the required premium will reinstate the policy.
2. If We receive the required premium, but We require an application for reinstatement and issue a conditional receipt for the premium tendered:
   a. Reinstatement is subject to Our approval; and
   b. Reinstatement will be effective on the date We approve the application.

However, if We disapprove the application, We must mail notice of Our disapproval to the Owner within 45 days after the date of the conditional receipt. If We do not mail notice of Our disapproval before that time, the policy will be reinstated as of the 45th day.

IDI 16-03068-000017

Except for those reinstatements for which We do not require an application for reinstatement, the reinstated policy will not cover any Disability except Disability due to:

1. Injury sustained after the Reinstatement Date; or
2. Sickness that began more than ten days after the Reinstatement Date.

If We require an application for reinstatement, a new period for contesting the policy or a claim will apply to the reinstated policy. See Time Limit On Certain Defenses under EXCLUSIONS AND LIMITATIONS. We may add or change provisions or limitations when We reinstate the policy. Except for the provisions that may be added or changed, the Owner's rights and Our rights will be the same as before the policy terminated.

**POLICY TERMINATION** – If a premium is not paid by the end of its grace period, the policy will terminate. This policy will also terminate on the earliest of:

1. 12:01 a.m. on the Termination Date shown on the data page, unless this policy is being continued under the Renewal Option After The Termination Date provision; .
2. The date You are no longer actively and regularly employed for at least 30 hours per week, if this policy is continued under the Renewal Option, unless You are Disabled on that date under the policy terms;
3. The date You Recover from Your Disability covered by the Renewal Option, if the policy is continued under that Option; or
4. The date of Your death.

After We receive notice of Your death, We will refund to the Owner or the Owner's estate any premium paid beyond the date of death.

We will refund up to 12 months' premium paid for the period beyond the date the policy terminates if termination occurs due to number 2, above.

In addition, the Owner may terminate this policy by sending Us a written request. Such termination will be effective on the date the request is received at Our home office, or on the date the Owner requests, subject to Our approval. We will refund any unearned premium to the Owner.

## RENEWAL OPTION AFTER THE TERMINATION DATE

**RENEWAL OPTION** – The Owner may request that Total Disability coverage under this policy continue beyond the Termination Date. The request must be in writing and is subject to Our approval. At the time of the request and after the Termination Date, to continue this policy We will require proof satisfactory to Us that:

1. You remain actively and regularly employed for at least 30 hours per week; and
2. You are not Disabled at the time We receive the Owner's written request at Our home office.

B152(5/05)LA

If We approve the request and the policy is continued under this Option, You must remain actively and regularly employed for at least 30 hours per week for the policy to remain in force. We have the right to ask You at least once a year for proof satisfactory to Us that You are meeting this requirement.  In addition, We have the right to ask for this information more often than once a year if We reasonably believe that such information is necessary for this policy to continue under this Option.

You must notify Us as soon as is reasonably possible if at any time:

1.  Your employment fails to meet this requirement; or
2.  You cease employment altogether..

This Option and policy, and all coverage, will end on the date You cease being actively and regularly employed at least 30 hours per week, unless:

1.  You are Disabled on that date under the policy terms; or
2.  The policy and Option ended earlier under the Policy Termination provision.

**RENEWAL OPTION REQUEST –** The Owner may request this Option by writing to Us at Our home office.  We must receive the request at least 30 days prior to the Termination Date.  The policy must be in force with all due premiums paid on the date We receive the request.

**RENEWAL BENEFIT –** Under the Renewal Option, only the benefit for Total Disability will continue beyond the policy's Termination Date.  All other policy benefits and all riders and rider benefits end at 12:01 a.m. on the Termination date, unless a rider states otherwise.  Except as shown below, the same provisions, exceptions, exclusions and limitations in this policy continue to apply if the Renewal Option is elected.

The Maximum Benefit Period for a policy continued under this Option is as follows:

For Total Disabilities with Commencement Dates falling on or before the Policy Anniversary immediately following Your 75th birthday:  The Maximum Benefit Period under this Option is 24 months.

For Total Disabilities with Commencement Dates after the Policy Anniversary immediately following Your 75th birthday:  The Maximum Benefit Period is 12 months.

The policy's definition of Regular Occupation as applied to any Disability covered by this Option is changed to read: "REGULAR OCCUPATION – Your occupation at the time Disability begins. If You have limited Your practice to a professionally recognized specialty in medicine or law, the specialty will be deemed to be Your Occupation."

The policy's definition of Continuous Disability/Continuously Disabled as applied to any Disability covered by this Option is changed to read: "Continuous Disability/Continuously Disabled means the same as Total Disability/Totally Disabled as defined in the policy."  Under this Option, payment of benefits will be made for only one Disability.  No Disability Benefits are due or payable during any period of Recovery.  The policy, this Option and all coverage will end on the date You Recover from Your Disability under this Option.

**RENEWAL PREMIUM** – The premium to continue the policy under the Renewal Option will be based on the rate in effect for all policies with like benefits insuring the same age and Risk Class as of the Termination Date. We can change the premium at any time, but only if We change it for everyone who:

1. Has this policy form;
2. Has like benefits;
3. Is Your age; and
4. Is in Your Risk Class.

We will refund to the Owner any premium paid after the Termination Date, unless the policy is in force under the Renewal Option. Payment or receipt of any premium after the policy ends for any reason will not continue it in force, unless the policy is being continued under the Renewal Option.

## GENERAL PROVISIONS

**THE CONTRACT** – This insurance is provided in consideration of Our receipt of: (1) The completed application; and (2) Payment of all required premiums. This policy and all attachments, including any benefits, riders, endorsements and copies of the application and application supplements, make up the whole contract. No one, including Our sales representative, has the right to change or waive any part of this policy unless the change is approved in writing by Our president and corporate secretary.

**EXTENSION OF TIME LIMITATIONS** – If any limitation of this policy with respect to giving Notice of Claim, furnishing Proof of Loss, or bringing any action on this policy is less than that permitted by law of the state in which the Insured resides at the time this policy is issued, such limitation is hereby extended to agree with the minimum period permitted by such law.

**LEGAL ACTION** – Legal action cannot be brought against Us until at least 60 days following the date written proof is received by Us under Written Proof Of Loss. Also, legal action may not be brought against Us after three years from the date written proof is required under Written Proof Of Loss.

**MISSTATEMENTS** – If Your Issue Age or sex has been misstated, any benefits will equal those that the premiums paid would have purchased at Your correct Issue Age and sex.

**NOTICE** – Changes, assignments, designations of payees and other requests will not affect Us until:

1. They have been signed by the Owner;
2. We have received them at Our home office; and
3. Where required, We have approved them.

IDI 16-03068-000020

**ASSIGNMENT –** The Owner may assign this policy at any time while the policy is in force and while the Insured is not Disabled. We will be bound by an assignment only: (1) If it is in writing; and (2) After it is approved at Our home office. Once approved, it will take effect as of the date the assignment was signed by the Owner. We are not responsible for the validity of an assignment. We will not be liable for any action taken, or for any payment made by Us before, Our approval of the assignment.

**OWNER –** The Owner of this policy is the Insured unless:

1. A different owner is named on the application; or
2. The Owner is changed under the Assignment provision, above.

The Owner may name a successor owner who will become the new owner if the Owner dies before You. If no named successor owner is living when the Owner dies, and if You are not the Owner, the Owner's estate will become the new owner.

IDI 16-03068-000021

Standard Insurance Company

### INDEXED COST OF LIVING BENEFIT RIDER

### DEFINITIONS

**ADJUSTMENT RATE** – The percentage used to determine the Cost of Living Benefit.

**BASE AMOUNT** – The Base Amount for any month is the total amount of Disability benefits payable under the policy and any other riders made part of the policy, except this Cost of Living Benefit Rider and the Catastrophic Disability Benefit Rider, for that month. Returned premium is not considered to be "benefits" for purposes of this definition.

**CALENDAR YEAR** – A year measured inclusively from January 1 to December 31.

**CHANGE DATE** – Each anniversary of the date Your Disability starts.

**COST OF LIVING BENEFIT** – The monthly amount We will pay under this rider.  We will determine this amount each month You qualify for this benefit.

**CPI-U** – The average Consumer Price Index For All Urban Consumers published by the United States Department of Labor for a given year.  If the CPI-U is discontinued or changed, We may use a comparable index.

### BENEFITS

We will pay the Cost of Living Benefit under this rider during Your Continuous Disability if:

1. Your Disability begins before the policy Termination Date;
2. Your Disability continues for more than 365 days; and
3. Disability Benefits, other than those payable under this rider, are payable during the month for which this benefit is claimed.

We will pay the Cost of Living Benefit each month after the first Change Date while Disability Benefits, as described in number 3 above, remain payable.  Payment of this benefit will be made according to the terms of the policy and this rider and is in addition to any other payment that may be due under the policy or any other rider made part of the policy. The Cost of Living Benefit for any month is the Base Amount multiplied by the Adjustment Rate in effect for that month.

PR2(5/05)                    (THIS FORM CONTINUES ON THE OTHER SIDE.)

IDI 16-03068-000022

The Adjustment Rate is determined on each Change Date. The rate is effective on the first of the month following the Change Date, and remains constant for twelve full months following the Change Date. For the first Change Date it is the lesser of: (1) 3%; or (2) The CPI-U for the Calendar Year in which Your Disability started divided by the CPI-U for the previous Calendar Year, minus 1. For the second and all other Change Dates, if any, it is the lesser of:

1. The CPI-U for the Calendar Year immediately prior to the Change Date in question, divided by the CPI-U for the Calendar Year immediately prior to the start of Your Disability, minus 1; or

2. $1.03^x$, minus 1, where x equals the number of full years You have been Continuously Disabled.

If the Adjustment Rate in any year should decrease, We will use the Adjustment Rate for the year immediately prior. If the Adjustment Rate on the first Change Date is negative, the Adjustment Rate for that Change Date will equal zero. If Disability Benefits continue beyond the Termination Date for any reason, any Cost of Living Benefit payable after that date will equal the Cost of Living Benefit payable for the month in which the Termination Date falls.

## RECOVERY PURCHASE OPTION

Within 90 days after Your Continuous Disability ends and while this policy is in force, the Owner may apply for an increase in the policy's Basic Monthly Benefit. To qualify for the increase, a Cost of Living Benefit must be payable under this rider at the time Your Continuous Disability ends. Evidence of Your health is not required.

The amount available to the Owner for purchase is the greater of: (1) The Cost of Living Benefit at the time Your Continuous Disability ends; or (2) $100. Any amount of purchase will be subject to our issue limits and requirements at the time of purchase. Any amount of increase remaining after the purchase will not be available for later purchase.

The effective date of the purchased increase is the Policy Anniversary day falling in the next Policy Month starting after Your Continuous Disability ends. The purchased increase will apply only to Disabilities starting after that effective date.

The Owner's written application for the increase must be received at Our home office within 90 days after Your Continuous Disability ends. In addition, the required premium for the increase must be received within 31 days after Our receipt of the application. The purchase will be in the form of an increase to this policy or a new policy, as determined by Us.

## GENERAL PROVISIONS

**RIDER PREMIUM –** The annual premium for this rider is shown on the data page. We can change the Rider Premium only:

1. After the rider is three years old; and

2. If the change applies to all policies with like benefits insuring the same Risk Class.

IDI 16-03068-000023

**RIDER EFFECTIVE DATE –** The effective date for this rider is the same as the policy Effective Date, unless a different effective date has been given to this rider by an endorsement signed by You and the Owner, if different.

**TIME LIMIT ON CERTAIN DEFENSES –** The policy's Time Limit On Certain Defenses provision will apply to this rider as of the Rider Effective Date.

**TERMINATION OF RIDER –** This rider will end on the earlier of:

1. The policy Termination Date; or
2. The date the policy ends for any reason.

In addition, the Owner may terminate this rider by sending Us a written request.   Such termination will be effective on the date the request is received at Our home office, or on the date the Owner requests, subject to Our approval.   Termination of this rider may require termination of other riders.

**PART OF POLICY –** This rider is part of the policy to which it is attached.   All policy terms and conditions will apply to this rider if they:

1. Have not been changed by this rider; and
2. Do not conflict with this rider.

STANDARD INSURANCE COMPANY

By

J. Greg Ness
President

Holley Y. Franklin
Corporate Secretary

Standard Insurance Company

**RESIDUAL DISABILITY RIDER**

**DEFINITIONS**

For purposes of this rider, the definition of Disability/Disabled in the policy is changed to read:

**DISABILITY/DISABLED** – (1) Total Disability, as defined in the policy; and (2) Residual Disability, as defined below.

When used in this rider, these terms are defined as follows:

**ANNUAL EARNINGS** – This means all income of Yours for any full tax year used to calculate Prior Monthly Earnings. Annual Earnings includes all income from any vocational activity of Yours including:

1. Salary and fees;
2. Commissions and bonuses; and
3. Income reported on Your personal and business tax returns.

We can require any proof We consider necessary to establish Your Annual Earnings for each full tax year. Such proof may include, but is not limited to the following amounts as reported on the applicable Form W-2 and on the applicable Partnership Schedule K-1, Schedule C and S-Corporation Schedule K-1 of Your federal income tax return:

1. Your ordinary income (loss) from trade or business activity(ies);
2. Your guaranteed payments, if You are a partner;
3. Your net profit from business;
4. Your compensation (as an officer), salary, or wages, if You are an S-Corporation shareholder;
5. Other Income as reported on Your: (a) IRS form 1040; (b) Partnership Schedule K-1; or (c) S-Corporation Schedule K-1, and
6. Amounts deducted on Your federal income tax return as Section 179 Expenses.

**CALENDAR YEAR** – A year measured inclusively from January 1 to December 31.

**CPI-U** – The average Consumer Price Index For All Urban Consumers published by the United States Department of Labor for a given year. If the CPI-U is discontinued or changed, We may use a comparable index.

**INDEXED PRIOR MONTHLY EARNINGS** – This means Yours Prior Monthly Earnings adjusted by the applicable rate of increase in the CPI-U. During Your first year of Disability, Indexed Prior Monthly Earnings is the same as Prior Monthly Earnings. After that, Indexed Prior Monthly Earnings is determined on each anniversary of the date Your Disability starts by increasing the previous year's Indexed Prior Monthly Earnings by the rate of increase in the CPI-U for the prior Calendar Year. If there is no increase in the prior Calendar Year's CPI-U, there will be no increase in the Indexed Prior Monthly Earnings for the current year. However, Indexed Prior Monthly Earnings will not decrease even if the CPI-U decreases.

IDI 16-03068-000025

**LOSS OF INCOME –** Your Indexed Prior Monthly Earnings less Your Monthly Earnings. Loss Of Income is determined for each month for which a benefit for Residual Disability is claimed.

**MONTHLY EARNINGS –** This means all income received by You in the particular month for which You are claiming the benefit for Residual Disability. Monthly Earnings includes all income from any vocational activity of Yours, including:

1. Salary and fees;
2. Commissions and bonuses; and
3. All income from all of those sources of income used to determine Prior Monthly Earnings.

We will subtract from Monthly Earnings all business expenses which You are allowed to deduct for federal income tax purposes. However, We will not deduct any expenses shown on Your federal income tax return as IRC Section 179 expenses. Monthly Earnings does not include income from any of the following:

1. Rent or royalties;
2. Annuities, savings or investments;
3. Deferred compensation or retirement plans;
4. Disability income policies; or
5. Your nonvocational activities.

We will use the accounting method used on Your federal income tax return for Your tax year immediately prior to Your tax year in which the Disability began. We will use the same method throughout the duration of Your claim. If the cash method is used, We will exclude from Monthly Income that income which is both:

1. Earned prior to the date Your Disability began; and
2. Received after the date Your Disability began.

If You receive any income in a lump sum or on a basis other than monthly, We will prorate that income over the period of time to which it applies. If an appropriate period of time is not provided, We will use what We consider to be a reasonable period, based on the circumstances involved.

**PRIOR MONTHLY EARNINGS –** The sum of Your highest annual earnings for any two full tax years within the three full tax years preceding the day Your Disability began, divided by 24.

**RESIDUAL DISABILITY/RESIDUALLY DISABLED** – Residual Disability means You are not Totally Disabled, but because of Your Injury or Sickness:

1. Your Monthly Earnings are reduced by 20% or more of Your Indexed Prior Monthly Earnings; and
2. You are under the regular care of a Physician appropriate for Your Injury or Sickness; and
3. You are able:
   a. To do some, but not all, of the substantial and material duties of Your Regular Occupation; or
   b. To do all of the substantial and material duties of Your Regular Occupation, but not for as long a time or as effectively as You did immediately prior to Your Injury or Sickness.

## BENEFITS

**BENEFIT FOR RESIDUAL DISABILITY** – You will be eligible for the benefit for Residual Disability during Your Residual Disability if Your Residual Disability begins before the Termination Date.  The amount of Disability Benefit We will pay under this section for each month is determined as follows:

1. The sum of: (a) The Basic Monthly Benefit; plus (b) Any amount that would have been payable under the Supplemental Social Insurance Benefit Rider (if part of the policy) if You had been Totally Disabled during the month for which this benefit for Residual Disability is being determined; times
2. Your Loss Of Income for that month divided by Your Indexed Prior Monthly Earnings.

If You are unable to earn at least 20% of Your Indexed Prior Monthly Earnings, We will pay the Basic Monthly Benefit.  For any one Continuous Disability, each of the first six monthly payments will not be less than 50% of the Basic Monthly Benefit.

The benefit for Residual Disability will begin on the later of:

1. The Commencement Date; or
2. The day after Your Total Disability ends.

This benefit will continue while You remain Residually Disabled.  We will not pay this benefit beyond the Maximum Benefit Period, as outlined in the policy.

**RECOVERY BENEFIT** – You will be eligible for a lump sum Recovery Benefit, if immediately after Your Residual Disability ends:

1. You are not eligible for a Disability Benefit; and
2. Immediately following a Disability for which benefits for Residual Disability were paid under this rider, You are engaged at least 30 hours per week in: (a) Your Regular Occupation; or (b) Any other occupation.

IDI 16-03068-000027

The amount of the Recovery Benefit is a lump sum equal to the lesser of:

1. Six times the Basic Monthly Benefit; or
2. The total amount of benefits for Residual Disability paid during Your Continuous Disability immediately preceding payment of this benefit; or
3. The number of months remaining in the Maximum Benefit Period as of the time of Your Recovery, times the Basic Monthly Benefit.

No more than one Recovery Benefit will be paid for any one period of Continuous Disability.

## CLAIMS

For purposes of this rider, the PROOF OF INCOME provision under CLAIMS in the policy is changed to read as follows:

**PROOF OF INCOME –** We can require any proof We consider necessary to establish Your current and prior incomes. We have the right to examine Your financial records, including Your tax returns, as often as We may reasonably require. These financial records may cover:

1. Any period for which You claim to be Disabled; and
2. Any period needed by Us to determine Your Prior Monthly Earnings.

## GENERAL PROVISIONS

**RIDER PREMIUM –** The annual premium for this rider is shown on the data page. We can change the Rider Premium only:

1. After the rider is three years old; and
2. If the change applies to all policies with like benefits insuring the same Risk Class.

**RIDER EFFECTIVE DATE –** The effective date for this rider is the same as the policy Effective Date, unless a different effective date has been given to this rider by an endorsement signed by You and the Owner, if different.

**TIME LIMIT ON CERTAIN DEFENSES –** The policy's Time Limit On Certain Defenses provision will apply to this rider as of the Rider Effective Date.

**TERMINATION –** This rider will end on the earlier of:

1. The Termination Date; or
2. The date the policy ends for any reason.

In addition, the Owner may terminate this rider by sending Us a written request. Such termination will be effective on the date the request is received at Our home office, or on the date the Owner requests, subject to Our approval. Termination of this rider may require termination of other riders.

**PART OF POLICY –** This rider is part of the policy to which it is attached.  All policy terms and conditions will apply to this rider if they:

1. Have not been changed by this rider; and
2. Do not conflict with this rider.

STANDARD INSURANCE COMPANY

By

J. Greg Ness
President

Holley Y. Franklin
Corporate Secretary

**Standard Insurance Company**
Individual Disability Insurance
1100 SW Sixth Avenue  Portland OR  97204-1093

**Application for Disability Insurance**

**Part I**

## Proposed Insured

BLUTCHER , DIMITRE                                      F
1. Full Name (Last, First, Middle)                    2. Sex

                                                      HARVEY              LA      70058
                                                      City              State    Zip Code

3. Social Security Number _____

4. _____

EXECUTIVE DIRECTOR
5. Current Primary Occupation

6. E-mail Address (optional) _____

7. _____     8. State of Birth  LA     Length of US Residence  52 yrs.

HOME: _____   WRK( _____    OTHER( _____

11. P_____                                  □H  ☒W  □OTHER
                                                      12. Preferred Place to Call

13. Rates Illustrated as:  □SMOKER ☒NONSMOKER □OTHER
14. Occupation Class:  ☒5A  □4A  □4P  □3A  □3P  □2A  □2P  □A  □B
15. Premium Mode:  ☒EFT (MONTHLY)  □LIST BILL (MONTHLY)  □ANNUAL  □OTHER

## Insurance Applied For

**16. Plan Type & Features:**

**A. Disability Income**
BASIC MONTHLY BENEFIT $ 2000
WAITING PERIOD  90  DAYS
BENEFIT PERIOD  AGE 66
SUPPL. SOC. INS. (SSI) $ _____
SSI WAITING PERIOD _____ DAYS
☒ RESIDUAL DISABILITY
□ NONCANCELABLE
□ OWN OCCUPATION
□ MENTAL DISORDER/SUBSTANCE ABUSE LIMITATION
☒ INDEXED COST OF LIVING:  ☒3% / □ 6%
□ CATASTROPHIC $ _____
□ FUTURE PURCHASE OPTION
     $ _____ POOL AMOUNT
OTHER _____

**B. Business Overhead Expense**
(Application Supplement required)
BASE AMOUNT $ _____
WAITING PERIOD _____ DAYS
BENEFIT MULTIPLE _____ MONTHS
□ RESIDUAL DISABILITY
□ FUTURE PURCHASE OPTION $ _____
OTHER _____

**C. Business Buy-Out Expense**
(Application Supplement required)
WAITING PERIOD _____ DAYS
AGGREGATE BENEFIT LIMIT $ _____
FUNDING METHOD (SELECT AND COMPLETE ONE):
□ LUMP SUM AMOUNT $ _____
□ MONTHLY AMOUNT $ _____
     FOR _____ YEARS
□ DOWN PAYMENT AMOUNT )
     $ _____ LUMP SUM; AND
     $ _____ MONTHLY FOR _____ YEARS
□ FUTURE BUY-OUT EXPENSE RIDER
     AGGREGATE BENEFIT LIMIT $ _____
     FUNDING METHOD (Must be same as base)
     (SELECT AND COMPLETE ONE):
     □ LUMP SUM AMOUNT $ _____
     □ MONTHLY AMOUNT $ _____
     □ DOWN PAYMENT AMOUNT/MO. $ _____
□ EXTENDED BENEFIT OPTION
OTHER _____

## Other Insurance Coverage

17. Explain YES answers in the table below.  Use STATUS and TYPE codes provided.
    a. Have you applied for any disability insurance in the last 12 months? ..................... □YES ☒NO
    b. Will you become eligible for any disability insurance in the next 12 months? ..................... □YES ☒NO
    c. Is there any other individual or group disability insurance currently in force or pending on you? ......... ☒YES □NO

STATUS CODES:  NOW IN FORCE WITH STANDARD INSURANCE COMPANY (STANDARD) OR OTHER COMPANY (N);  PENDING (P);
     APPLIED FOR IN THE LAST 12 MONTHS (A);  WILL BECOME ELIGIBLE IN THE NEXT 12 MONTHS (F).
TYPE CODES:  INDIVIDUAL (I); SOCIAL SECURITY SUBSTITUTE (S); GROUP (G); ASSOCIATION (X); OVERHEAD EXPENSE (OE); OTHER (O-EXPLAIN).

| COMPANY AND POLICY NUMBER: | STATUS: | TYPE: | MONTHLY AMOUNT: | BENEFIT PERIOD: | WAITING PERIOD: | WHO PAYS PREMIUM? | IF GROUP: BENEFIT CAP/ MAXIMUM? | % OF INCOME: | WILL COVERAGE BE REPLACED OR REDUCED? |
|---|---|---|---|---|---|---|---|---|---|
| AXA/EQUITABLE #95733787 | N | I | 1200 | 65 | 90 | | | | □YES □NO |
| | | | | | | | | | □YES □NO |
| | | | | | | | | | □YES □NO |

**Note:**  By signing the Agreement in Part III, the owner agrees to terminate or reduce the insurance coverage indicated as being replaced or reduced after a Standard policy is delivered.  The owner understands that, if that insurance is not terminated or reduced as required by Standard, any policy issued based on this application may be rescinded.

□ **TELEAPP:  Proceed to Part III Agreement and Signatures (page 6).**
☒ **Paper Application:  Proceed to Part II (page 2).**

REC'D

DIAPP(5/05)LA                          Page 1 of 6 - Application

NOV 2 4 2008

IND. UW

IDI 16-03068-000030

**Standard Insurance Company**
Individual Disability Insurance
1100 SW Sixth Avenue  Portland OR  97204-1093

**Application for Disability Insurance**
**Part II**

**General, Financial and Medical Information**

Proposed Insured  DIMITRE  BUTCHER

**18. Earned Income:** Report your income as shown on Federal Income Tax Return (Form 1040 and applicable schedules and forms).  Exclude investments and other unearned income.  Complete for both years.  Answer all that apply.

| | CURRENT YEAR TO DATE | LAST YEAR |
|---|---|---|
| You are: | | |
| a. An employee with no business ownership.  Your salary and bonus totals:  (Form W-2/paycheck stub) | a. _73,000_ | _80,000_ |
| b. An owner of C or S Corporation. | b. _____ | _____ |
| i. Your salary and bonus totals:  (Form W-2/paycheck stub) | i. _____ | _____ |
| ii. Your share of after-tax corporate profits or losses, after expenses, is: (Schedule K-1) | ii. _____ | _____ |
| c. A sole proprietor.  Your net income, including all 1099 income, after expenses is:  (Schedule C) | c. _____ | _____ |
| d. A partner in a partnership, or an owner of an interest in a LLC or LLP.  Your net income, after expenses, is:  (Schedule K-1) | d. _____ | _____ |
| e. Your other earned income is:  (Explain) _____ | e. _____ | _____ |
| f. **Your total earned income:** | f. _73,000_ | _80,000_ |

**REMARKS AREA.**   EXPLAIN ALL YES ANSWERS.  GIVE ADDITIONAL INFORMATION REGARDING ANY QUESTIONS AND RESPONSES SHOWN ON THIS APPLICATION.

QUESTION NUMBER

**19.** Complete questions a and b only if the amount of disability coverage currently in force plus amount applied for exceeds $5,000 per month:

a. Is unearned income greater than 25% of earned income or $50,000?  Unearned income includes: capital gains, interest, dividends, net rental income, pensions, annuities, royalties. .......... ☐YES ☐NO

b. Is net worth, excluding primary residence, greater than $6,000,000? ................................ ☐YES ☐NO

**20.** Will your employer pay for any part of this requested insurance? ........................................... ☐YES ☐NO
If yes, answer a, b and c.  If no, go to question 21.

a. What percent of premium will employer pay? _____ %

b. Will employer's contribution be included in your taxable income? ....................................... ☐YES ☐NO

c. Will you reimburse employer for any premium? .. ☐YES ☐NO

**21.** Are you currently working in your primary occupation at least 30 hours per week? ............... ☐YES ☐NO
If no, please explain in REMARKS.

**22.** Do you own any part of the business where you work? ........................................................ ☐YES ☐NO
If yes, answer a, b and c.  If no, go to question 23.

a. Percent owned: _____ years owned: _____

b. Number of employees: full-time _____, part-time _____

c. Business type: ☐C Corp; ☐S Corp; ☐LLC; ☐LLP; ☐Sole Proprietor; ☐Partnership; ☐Other _____

**23.** Have you ever applied for life, disability or health insurance and had it declined, postponed or withdrawn; or has any such policy issued on you been modified, rated up or canceled; or has renewal of any such policy been refused? If yes, please explain. .......... ☐YES ☐NO

IDI 16-03068-000031

**Application for Disability Insurance, Part II (continued)**
Standard Insurance Company  Individual Disability Insurance
1100 SW Sixth Avenue  Portland OR  97204-1093

Proposed Insured  *DIMITRE BLUTCHER*

24. List any professional designation, specialty or degree.

*N'R PEACE*

**27. Current Employer**

25. Years in Current Primary Occupation  *10 yrs.*

26. Years with Current Employer  *10 yrs.*

*3201 GEN. DEGAULLE DR. SUITE 201*  *N.O. LA*  *70114*

**28. Employer Address**     **City, State**     **Zip Code**

| QUESTION NUMBER | REMARKS AREA. EXPLAIN ALL YES ANSWERS. GIVE ADDITIONAL INFORMATION REGARDING ANY QUESTIONS AND RESPONSES SHOWN ON THIS APPLICATION. |
|---|---|
| 29 | *EXECUTIVE DIRECTOR OF NON PROFIT ORGANIZATION. 100% OF TIME IS SPENT BEING EXEC. DIR.* |
| 31 | *TRAVEL TO MEETING AT STATE CAPITOL IN BATON ROUGE, LA F/ MEETINGS.* |

29. Describe the substantial and material duties of your current primary occupation in the REMARKS area. Give the percent of time you spend at each duty.

30. Do you perform any of your current primary occupational duties at your place of residence? If yes, explain and give percent of time. ............... ☐YES ☑NO

31. Except for commuting, do you travel for business purposes?  If yes; explain the nature of your travel, including whether it is local or long distance; and give the average number of days per month and miles per day. ...................................... ☑YES ☐NO

32. Do you have any other part-time or full-time occupation or employment?  If yes, list your annual earned income from such occupation or employment; and list your duties and the percent of time you spend at each duty. ............... ☐YES ☑NO

33. Do you intend to change any occupations or employers within the next 6 months? If yes, please explain. ........................... ☐YES ☑NO

34. When was your last previous application or medical examination for life or disability insurance?
YEAR_____ COMPANY_____TYPE_____
☐ Check if no prior applications or exams.

35. Have you ever applied for, received or been denied disability benefits from Worker's Compensation, Social Security or any other disability insurance? If yes, please explain. ............................................. ☐YES ☑NO

36. In the last 5 years have you participated, or do you intend to participate:
   a. As a pilot or student pilot; or as a crew member in any type of aircraft? ...................... ☐YES ☑NO If yes, complete application supplement.
   b. In parachuting, hang gliding or other aeronautics; in rock climbing, underwater diving or motor sports; or in any other hazardous sport? ......... ☐YES ☑NO If yes, complete application supplement.

37. In the last 5 years have you traveled, worked or lived outside the USA or Canada for more than one continuous month; or do you plan to do so in the next 2 years? If yes, please explain. .................... ☐YES ☑NO

38. In the last 5 years have you personally, or has any business owned in whole or in part by you, filed for bankruptcy? If yes, give details.  Include whether discharged and date discharged. ........... ☐YES ☑NO

IDI 16-03068-000032

**Application for Disability Insurance, Part II (continued)**
Standard Insurance Company  Individual Disability Insurance
1100 SW Sixth Avenue  Portland OR  97204-1093

Proposed Insured  DIMITRE BLUTCHER

| 5 FT. 8 IN. | 220 LBS. | 8 lbs | |
|---|---|---|---|
| 39. Height | 40. Weight | 41. Weight Loss in Last Year | 42. Explain if more than 10 pounds |

DR. L. WINKLER
43. Name of Your Physician or Health Care Facility

44. Phone Number ( )

| OSCHNER CLINIC | JEFFERSON, LA | |
|---|---|---|
| 45. Address of Your Physician or Health Care Facility | City, State | Zip Code |

| 1 YR. AGO | REG. CHECK-UP | A-OK | NONE |
|---|---|---|---|
| 46. Date Last Seen | 47. Reason Seen | 48. Results | 49. Treatment or Medication Prescribed |

50. In the last 10 years have you had, been treated or seen by a medical practitioner for, or been diagnosed as having:

| | | QUESTION NUMBER | REMARKS AREA.   EXPLAIN ALL YES ANSWERS. GIVE DATE, REASON, DIAGNOSIS, DURATION, SEVERITY, TREATMENT AND RESULTS; AND GIVE NAMES AND ADDRESSES OF ALL PHYSICIANS AND MEDICAL FACILITIES. |
|---|---|---|---|
| a. Disorder of the eye, ear, nose or throat?.............. ☐YES ☒NO | | | |
| b. Anxiety, depression, nervousness or stress; or other mental, emotional or psychiatric disorder?... ☐YES ☒NO | | | |
| c. Stroke, dizziness, fainting, convulsion, recurrent headaches, paralysis or mental deficiency; or any other brain or nervous system disorder?....... ☐YES ☒NO | | | |
| d. Fibromyalgia, chronic fatigue or chronic fatigue syndrome; or Epstein-Barr virus?........................ ☐YES ☒NO | | | |
| e. Asthma, bronchitis, emphysema or pneumonia; or other lung or respiratory disorder, or allergies?.... ☐YES ☒NO | | | |
| f. High blood pressure, chest pain or heart attack?. ☐YES ☒NO | | | |
| g. Irregular heart beat, anemia or murmur; or other disorder of heart, blood or blood vessels? .......... ☐YES ☒NO | | | |
| h. Colitis, bleeding or recurrent indigestion; or other disorder of liver, intestines, esophagus, stomach or pancreas?......................................... ☐YES ☒NO | | | |
| i. Diabetes, sugar, albumin, blood or pus in urine; or any unexplained fevers? .................................. ☐YES ☒NO | | | |
| j. Disorder of kidney, bladder, prostate, breasts, menstrual cycle or reproductive organs? ............ ☐YES ☒NO | | | |
| k. Disorder of skin, lymph nodes or thyroid? ........... ☐YES ☒NO | | | |
| l. Cyst, growth, polyp, tumor, leukemia or cancer? . ☐YES ☒NO | | | |
| m. Any type of spinal, neck or back disorder or, injury, including sprain, strain or disc disorder? .... ☐YES ☒NO | | | |
| n. Neuritis, rheumatism or arthritis; or other disorder or injury of muscle, nerve, bone or joint? ............. ☐YES ☒NO | | | |
| o. Miscarriage, C-section or complication of pregnancy?........................................................ ☐YES ☒NO | | | |
| 51. Are you currently pregnant? ..................................... ☐YES ☒NO | | | |
| 52. Other than as stated in other answers, have you within the last 5 years: | | | |
| a. Been hospitalized or been seen by a physician, chiropractor, counselor, psychiatrist, therapist or other medical practitioner?................................ ☐YES ☒NO | | | |
| b. Had an EKG or blood test; or other medical procedure, study or test?..................................... ☐YES ☒NO | | | |
| c. Been advised to have any medical test, surgery or hospitalization that was not completed? .......... ☐YES ☒NO | | | |

**Application for Disability Insurance, Part II (continued)**
Standard Insurance Company  Individual Disability Insurance
1100 SW Sixth Avenue  Portland OR  97204-1093

Proposed Insured _DZMITRE BLUTCHER_

| | REMARKS AREA. EXPLAIN ALL YES ANSWERS. GIVE DATE, REASON, DIAGNOSIS, DURATION, SEVERITY, TREATMENT AND RESULTS; AND GIVE NAMES AND ADDRESSES OF ALL PHYSICIANS AND MEDICAL FACILITIES. |
| QUESTION NUMBER | |

53. In the last 10 years, have you:
   a. Received treatment or sought advice for the use of a controlled substance, drug or alcohol? ......... ☐YES ☑NO
   b. Been told you had, been treated for or been diagnosed as having: any sexually transmitted disease, HIV, AIDS, AIDS-Related Complex or immune system disorder? ...................... ☐YES ☑NO
   c. Had a positive (unfavorable) HIV or AIDS test? ... ☐YES ☑NO

54. Do you now take, or in the last 3 years have you taken, any prescription medicine? ..................... ☐YES ☑NO

55. In the last 3 years have you had any symptom or disorder lasting more than 30 days for which you have taken any non-prescription medication or natural or herbal supplement? ................................... ☐YES ☑NO

56. In the last 3 years have you had any physical or mental condition or symptom that has not been treated or diagnosed? ................................................. ☐YES ☑NO

57. In the last 10 years, have you:
   a. Used marijuana, cocaine, barbiturates, amphetamines, narcotics, hallucinogens or any other controlled or illegal substance? ............ ☐YES ☑NO
   b. Been cited or arrested for driving under the influence of a controlled substance, drug or alcohol? .................................................. ☐YES ☑NO

58. Do you drink alcoholic beverages? ........................... ☑YES ☐NO
   If no, check one:
   ☐ MONTH AND YEAR LAST USED:_____; OR
   ☐ NEVER USED.
   If yes, complete table below:

| | AMOUNT PER WEEK | | |
|---|---|---|---|
| a. WINE | 2 | GLASSES | (glass = 4 oz.) |
| b. BEER | | BOTTLES | (bottle = 12 oz.) |
| c. LIQUOR | | DRINKS | (serving = 1 oz.) |

59. Have you used tobacco or nicotine in any form in the last 5 years? ........................................................ ☐YES ☑NO
   If yes, circle types below and complete table.

| | HOW LONG | AMT. PER DAY | DATE LAST USED |
|---|---|---|---|
| a. CIGARETTES | | | |
| b. CIGAR | | | |
| c. PIPE | | | |
| d. SMOKELESS | | | |
| e. GUM, PATCH, OTHER | | | |

Remarks: 58  DRINK ABOUT 2 GLASES OF WINE PER WEEK ON A SOCIAL BASES.

**Standard Insurance Company**
Individual Disability Insurance
1100 SW Sixth Avenue  Portland OR  97204-1093

**Application for Disability Insurance**
**Part III**

**Agreement and Signatures**

I, THE UNDERSIGNED, UNDERSTAND AND AGREE TO THE FOLLOWING:

In this application, "you" and "your" mean the proposed insured unless otherwise specified.

This application includes Parts I, II and III, and all signed application supplements and amendments. If this is a TELEAPP, this application also includes all questions Standard Insurance Company (Standard) or its representatives will ask the proposed insured, and all answers given in response to those questions, after I sign this form. This application will become part of my contract of insurance issued by Standard based on this application.

Standard will rely on the information given in this application in considering the proposed insured's eligibility for insurance and for various premium rates. By obtaining and using this information, or information from other authorized sources, Standard is not giving a medical opinion about the proposed insured's health. If I have any other questions or concerns about insurability, I will not rely on any inquiry or decision by Standard as a statement regarding, or evaluation of, the proposed insured's health.

This application will not be effective unless signed and dated by the proposed insured and owner, if different. No insurance will be in force until the date a policy has been issued, delivered to and accepted by the owner, and the first full premium is paid while all answers in this application remain true and complete. The only exceptions are as provided in a Disability Insurance Conditional Receipt, issued at the same time as and in connection with this application, or as agreed to in writing by the owner. In any event, premium will be calculated to begin on the policy's Effective Date.

No sales representative, medical examiner, or TELEAPP interviewer is authorized to determine insurability, change any of Standard's requirements, or waive any rights Standard may have. No corrections or amendments to this application will be made without the owner's written consent.

Standard may require that any disability policy(s) listed in answer to Question 17 of Part I be permanently terminated or reduced as a condition of issuing the insurance applied for. Standard will rely on the information in this answer in determining the amount, if any, of disability insurance it will issue. If such insurance is not terminated or reduced as required by Standard, any policy issued and accepted pursuant to this application may be rescinded and considered void from the beginning, and all premiums returned. If any insurance applied for is intended to replace other insurance in force with Standard, the Standard policy(s) being replaced will end the moment the insurance applied for becomes effective.

I have read this application. I understand that if any answers are false, incorrect or untrue, Standard may have the right to deny benefits or rescind my insurance policy. I REPRESENT that: All answers in this application are true and complete and correctly recorded; and that any and all answers I have provided verbally to any Standard representative are recorded in this application. No knowledge of any fact on the part of any sales representative, medical examiner or TELEAPP interviewer shall be considered to be knowledge of Standard unless such fact is stated in the application. I signed this application in the city and state and on the date shown below.

| | | | |
|---|---|---|---|
| _Signature of Proposed Insured_ | Signed at NEW ORLEANS, LA on 11, 7, 08 | | |
| | City | State | Date |

| | | | |
|---|---|---|---|
| _Signature of Policyowner (If Other than Proposed Insured)_ | Signed at _____ on __/__/__ | | |
| If a company is policyowner, signature of authorized representative. | City | State | Date |

_Print Name of Policyowner_
If a company is policyowner, also print title of authorized rep and co. name.

_Owner's Tax ID Number (If Other than Proposed Insured)_

_Owner's Address_      _City, State_      _Zip Code_          _E-mail Address (optional)_

I declare and affirm that: no changes, additions or alterations of any kind have been made to this form after it was signed by the proposed insured and owner, if different. If this form has been sent to Standard electronically, the copy of this form sent to Standard is a true and exact copy of the original.

| | | | |
|---|---|---|---|
| _Signature of Soliciting Producer_ | Signed at NEW ORLEANS, LA on 11, 7, 08 | | |
| | City | State | Date |

Note: Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or knowingly presents false information in an application for insurance is guilty of a crime and may be subject to fines and confinement in prison.

DIAPP(5/05)LA                    Page 6 of 6 - Application

REC'D

NOV. 2 4 2008

IND. UW

**Standard Insurance Company**                    **Disability Insurance Conditional Receipt**
Individual Disability Insurance  1100 SW Sixth Avenue  Portland OR 97204-1093

This Conditional Receipt (this "Receipt") is part of the Application for Disability Insurance having the same proposed insured, owner, and date as this Receipt (the "Application"). Proposed Insured (please print): _Demetre Blutcher_

In this Receipt "we/us/our" mean Standard Insurance Company. "You/your" mean the proposed insured.

**PREMIUM PAYMENT:** Check all that apply. Required premium paid with the Application MUST equal at least ONE MONTHLY PREMIUM, based on the Insurance Applied For in the Application:

1. ☒ Disability Income (DI);        Premium paid with the Application *: $ _78.21_
2. ☐ Business Overhead Expense (BOE):   Premium paid with the Application *: $ _____

*All premium checks must be made payable to Standard Insurance Company. Do not make check payable to the producer. Do not leave the payee blank.

We acknowledge receipt of the above sum(s) with the Application. This Receipt may NOT be used for Disability Buy-Out applications or Future Purchase Option applications.

**CONDITIONS:** Insurance coverage will be provided as of the date of this Receipt, prior to delivery and acceptance of any policy offered in connection with the Application completed with this Receipt, only if ALL of the following Conditions are met:

1. You are insurable, as determined by our underwriters using our underwriting guidelines, on the date you sign this Receipt;
2. The Application is completed for every policy covered by this Receipt;
3. The required premium is paid with the Application; and
4. You, and the owner if different, each sign this Receipt on the same date you and the owner each sign the Application.

**DATE COVERAGE STARTS:** Coverage under a policy applied for along with this Receipt, if any, starts on the policy's Effective Date, subject to the COVERAGE TERMS and LIMITATIONS below. The Effective Date of any policy offered and accepted in connection with the Application is the Effective Date elected on the Policy Acceptance and Application Supplement executed by you, and the owner if different, upon delivery of the policy. You may elect an Effective Date as early as the date of this Receipt. The initial premium paid with this Receipt will be applied to the premium owed for your coverage under the policy as of the Effective Date.

**COVERAGE TERMS and LIMITATIONS:**

1. If you become disabled under the terms of a policy offered and accepted in connection with the Application completed with this Receipt, we will pay benefits for that disability under that policy, subject to the terms, conditions, limitations and exclusions of this Receipt and that policy. All benefits paid as a result of a disability incurred before the policy is delivered to and accepted by you, and the owner if different, shall, for the entire period during which benefits are payable for that disability, be limited to the lesser of: (a) the benefit amount issued; or (b) $5,000 per month for DI and $10,000 per month for BOE.
2. This Receipt is not in effect for any policy we decline to issue or do not approve within 90 days after the date that you, and the owner if different, have signed this Receipt. We will return any premium paid with this Receipt.
3. This Receipt is void in its entirety and does not affect any policy applied for along with this Receipt, and any premium paid for that policy will be returned, if: (a) there is misrepresentation or fraud in the Application or any application supplement; (b) any check provided in connection with this Receipt is not honored when first presented for payment; or (c) any of the CONDITIONS listed above are not met.
4. This Receipt is not a "binder" and does not commit us to issue any policy.
5. Using our underwriting rules and practices, we will decide what policy to offer, if any, based on your insurability, including your health history, as of the date you sign this Receipt. In underwriting the Application we may rely on the results of medical tests and exams, and on other information, performed or obtained after the date of this Receipt. However, we will not consider any change in your health or insurability occurring after the later of: (a) the date you sign this Receipt; or (b) the date the policy is accepted, if you elect an Effective Date that is after the date you sign this Receipt.
6. No one may change or waive anything in this Receipt, except that we may waive Condition number 3, above, in certain employer-paid cases. Such waiver must be in writing to be effective.

**DECLARATION AND AGREEMENT OF OWNER AND PROPOSED INSURED:** I have read this Receipt and agree to its terms. I understand that issuance of this Receipt does not guarantee issuance of any policy. I agree that coverage, if any, is subject to the terms, conditions, limitations and exclusions of this Receipt and any policy(s) issued. Each copy of this Receipt is considered to be a duplicate original.

| | | | | |
|---|---|---|---|---|
| Signature of Proposed Insured | Signed at | New Orleans | LA | on 11/7/08 |
| | | City | State | Date |
| Signature of Owner if other than Proposed Insured | Signed at | | | on / / |
| | | City | State | Date |
| Signature of Soliciting Producer | Signed at | New Orleans | LA | on 11/7/08 |
| | | City | State | Date |

**PRODUCER INSTRUCTIONS:** The proposed insured, owner and producer must complete, sign and date both copies of this Receipt on the same date each person signed the Application. Each copy must be identical. Give one copy to the owner. Send the other copy with the Application and premium to the home office. DO NOT ISSUE THIS RECEIPT if it is apparent that ALL of the Conditions above are not met.

DICR(2/08)        Page 1 of 1 - Conditional Receipt (for premium collected) – Submit with the Application

NOV 2 4 2008

IND. UW

**THIS IS A DISABILITY INCOME INSURANCE POLICY.**