UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DIMITRE BLUTCHER | * | CIVIL ACTION 16-536 |
| VS. | * | JUDGE AFRICK |
| STANDARD INSURANCE COMPANY | * | MAG. JUDGE ROBY |

\* \* \* \* \* \* \* \* \* \* \*

## ANSWER OF STANDARD INS. CO.

NOW INTO COURT, through undersigned counsel, comes Standard Insurance Company ("Standard"), defendant in the above-entitled and numbered proceeding, and for its Answer to Plaintiff's Petition for Breach of Contract, Breach of Fiduciary Duty, For Damages and For Other Relief ("Petition"), with respect avers

## FIRST DEFENSE

The Petition fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

NOW, in response to the individual allegations of the Petition, Standard avers:

I.

The allegations contained in Paragraph 1 of the Petition are admitted, on information and belief.

II.

The allegations contained in Paragraph 2 of the Petition are admitted.

III.

The allegations contained in Paragraph 3 of the Petition are legal conclusions which require no answer; however, out of an abundance of caution and in the event this Court deems it necessary, the allegations are denied.

IV.

The allegations contained in Paragraph 4 of the Petition are denied for lack of information sufficient to justify a belief therein except to admit that on or about November 24, 2008, Standard received an Application for Disability Insurance for "Proposed Insured" Dimitre Blutcher which indicated that the "insurance applied for" was "disability income", was dated 11/7/08, and bore the signature of Dimitre Blutcher.

V.

The allegations contained in Paragraph 5 of the Petition are denied for lack of information sufficient to justify a belief therein except to admit that Standard received an Application for Disability Insurance dated 11/7/08 and bearing the signature of Dimitre Blutcher.  Further answering, the Application for Disability Insurance, as a written document, is the best evidence of its content.

VI.

The allegations contained in Paragraph 6 of the Petition are denied as stated; Standard admits that the Application for Disability Insurance, dated 11/7/08 and bearing the signature of Dimitre Blutcher, also bears the "Signature of Soliciting Producer," Roy

J. Cyprian, Jr..

VII.

The allegations contained in Paragraph 7 of the Petition are denied for lack of information sufficient to justify a belief therein except to specifically deny the allegation that "PortaMedic, on behalf of Standard, conducted a physical examination of Plaintiff.".

VIII.

The allegations contained in Paragraph 8 of the Petition are denied for lack of information sufficient to justify a belief therein except to admit that on or about January 21, 2009, Standard received a Disability Insurance Policy Acceptance and Application Supplement CR dated 1/14/09 and bearing the signature of Dimitre Blutcher and that the effective date of the Disability Income Insurance Policy no. 00C9726410 on the life of Dimitre Blutcher ("the Policy") was November 7, 2008.

IX.

The allegations contained in Paragraph 9 of the Petition are denied for lack of information sufficient to justify a belief therein.

X.

The allegations contained in Paragraph 10 of the Petition are denied.

XI.

The allegations contained in Paragraph 11 of the Petition are denied except to admit that Standard sent letters to Plaintiff in 2011 regarding payment of premiums for the Policy, and termination of the Policy for nonpayment of premiums.

XII.

The allegations contained in Paragraph 12 of the Petition are denied except to admit that, by letter dated August 26, 2011 regarding "confirmation of administrative reinstatement", Standard informed Plaintiff that it had received her premium payment, and that the Policy remained in force with premiums paid to October 7, 2011; that Standard sent a "Notice of Policy Lapse" dated November 8, 2011 to Plaintiff, which stated that her "individual disability income insurance coverage ha[d] terminated for nonpayment of premium as of October 7, 2011" and that she could "avoid a lapse in coverage by paying the full amount due within 15 days of the date of this notice"; that Standard did not receive any payment of premium for the Policy after October 7, 2011; and that, therefore, the Policy lapsed and was terminated for nonpayment of premium effective October 7, 2011.

XIII.

The allegations contained in Paragraph 13 of the Petition are denied except to admit that on or about April 25, 2014, Standard received a letter bearing the signature of Dimitre Blutcher which stated that she "would like to file a grievances [sic] …"  Further answering, Ms. Blutcher's letter, as a written document, is the best evidence of its content.

XIV

The allegations contained in Paragraph 14 of the Petition are denied except to admit that Standard denied Plaintiff's claim for disability benefits under the Policy, which claim was received by Standard on May 21, 2014 and listed Plaintiff's "last full day at

work" as January 5, 2011; that Standard rescinded the Policy as of its effective date; and that Standard sent letters to Plaintiff dated November 18, 2014 and November 19, 2014, communicating its decisions and the bases therefore.  Further answering, Standard's letters of November 18, 2014 and November 19, 2014, as written documents, are the best evidence of their content.

XV.

The allegations contained in Paragraph 15 of the Petition are denied except to admit that on or about April 22, 2015, Standard received a letter from Jennifer S. Martinez, on behalf of Dimitre Blutcher, entitled "Standard Disability Income Insurance Denial Request for Review" and that Standard sent a letter dated July 28, 2015 to Ms. Martinez which letter, as a written document, is the best evidence of its content.

XVI.

The allegations contained in Paragraph 16 of the Petition are denied except to admit that Standard has not paid to or on behalf of Plaintiff any disability benefits under the Policy.

XVII.

The allegations contained in Paragraph 17 of the Petition are denied.

XVIII.

The allegations contained in Paragraph 18 of the Petition are legal conclusions which require no answer; however, out of an abundance of caution and in the event this Court deems it necessary, they are denied.

XIX

The allegations contained in Paragraph 19 of the Petition are denied.

XX

Paragraph 20 of the Petition contains are legal conclusions which require no answer; however, out of an abundance of caution and in the event this Court deems it necessary, they are denied. The remainder of the allegations contained in Paragraph 20 are denied.

XXI

The allegations contained in Paragraph 21 of the Petition are legal conclusions which require no answer; however, out of an abundance of caution and in the event this Court deems it necessary, they are denied.

XXIII.

The allegations contained in Paragraph 22 of the Petition are denied.

XXIII.

The allegations contained in Paragraph 23 of the Petition are denied.

XXIV.

The allegations contained in Paragraph 24 of the Petition are denied.

**THIRD DEFENSE**

Standard had just cause to deny Plaintiff's claim for disability benefits under the terms and conditions of the Policy.

## FIFTH DEFENSE

Plaintiff failed to comply with the provisions of the Policy on "Written Notice of Claim" and "Written Proof of Loss".  Furthermore, there was no information provided by or on behalf of Plaintiff to Standard which showed that it was not reasonably possible for her to comply with the Policy's requirements for submitting written proof of loss. In addition, the information provided by Plaintiff to Standard does not show that she lacked legal capacity to give Standard written proof of claim within one year of the date proof of loss was otherwise required under the Policy.   Therefore, her claim for benefits is not payable under the Policy.  Additionally, because Plaintiff did not provide Standard with timely written notice of claim and written proof of loss, it was prevented from examining her, as it was entitled to do under the terms of the Policy, in order to evaluate her level of functioning at any time from the claimed onset date of disability, January 2011, until Standard received written notice of claim on May 21, 2014. The passage of time impeded Standard's access to reliable information about Plaintiff's claimed disability.

Furthermore, because the Policy lapsed for non-payment of premium on October 7, 2011, and the Policy requires that Plaintiff become disabled while she was insured under the Policy and while it was in force, Plaintiff would not be eligible for benefits due to a disability commencing after October 7, 2011.

## SIXTH DEFENSE

Plaintiff's Application for Disability Insurance dated 11/7/08 and her Disability Insurance Policy Acceptance and Application Supplement CR dated 1/14/09, both of which bear the signature of Plaintiff, contain misstatements as to Plaintiff's height and

7

weight at the time she applied for coverage under the Policy, and as to Plaintiff's health, which included a history of asthma, stress and urge incontinence, hyperlipidemia, and taking of prescribed medications on a regular basis.  Therefore, Plaintiff is barred, under the terms of the Policy and by Louisiana law, from recovering benefits under the Policy for a disability commencing on or about January, 2011.

## **SEVENTH DEFENSE**

The Policy is *void ab initio*, and was rescinded as a result of fraudulent misstatements made by Plaintiff in her Application for Disability Insurance dated 11/7/08 and her Disability Insurance Policy Acceptance and Application Supplement CR dated 1/14/09.  Specifically, Plaintiff misrepresented her height and weight at the time she applied for coverage under the Policy and did not disclose her history of asthma, stress and urge incontinence, hyperlipidemia, and taking of prescribed medications on a regular basis.  Plaintiff's misstatements were material to the risk accepted by Standard in issuing the Policy and were made with the intent to deceive Standard.

## EIGHTH DEFENSE

Plaintiff's claims against Standard have prescribed, under the terms and conditions of the Policy and the law.

ELKINS, P.L.C.

/s/ *Jennifer M. Lawrence*
VIRGINIA N. RODDY (11367)
JENNIFER M. LAWRENCE, T.A. (23829)
201 St. Charles Ave., Suite 4400
New Orleans, LA 70170
Telephone: (504) 529-3600
Telefax: (504) 529-7163

ATTORNEYS FOR DEFENDANT,
STANDARD INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 25th day of February, 2016, electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ *Jennifer M. Lawrence*
JENNIFER M. LAWRENCE (23829)
ELKINS, P.L.C.
201 St. Charles Ave., Suite 4400
New Orleans, LA 70170
Telephone: (504) 529-3600
Fax: (504) 529-7163
jlawrence@elkinsplc.com